STATE *ex rel.* KERVIN WASHINGTON

*v.*

CHARLES TAYLOR, *Supt.*,

WEST VIRGINIA INDUSTRIAL SCHOOL

FOR BOYS

(No. 15033)

Decided December 19, 1980.

*Paul Mones* for relator.

*Chauncey H. Browning*, Attorney General, *Joseph C. Cometti*, Assistant Attorney General, for respondent.

NEELY, CHIEF JUSTICE:

This is an original habeas corpus proceeding brought by a seventeen year old inmate of the West Virginia Industrial School for Boys in Pruntytown, West Virginia. Petitioner was committed to the Department of Corrections by the juvenile court of Marion County on 3 April 1980 after an adjudication of delinquency by virtue of conspiracy to commit armed robbery. His sentencing order provided that

he should remain in the care, custody and control of the Department of Corrections for a period of not less than one nor more than five years, unless sooner released by operation of law. At the time of his commitment to the industrial school petitioner was subjected to diagnostic testing, was placed in a peer group, and assigned an academic program.

On 22 September 1980 the superintendent of the West Virginia Industrial School, respondent Charles Taylor, wrote a letter to the Honorable Fred L. Fox, Judge of the Circuit Court of Marion County, requesting that the petitioner be returned to the jurisdiction of the juvenile court for further disposition. This letter stated quite clearly that the petitioner had successfully completed his rehabilitation program at the West Virginia Industrial School and that his further incarceration would not benefit his continued progress. Superintendent Taylor informed Judge Fox that an appropriate home release plan had been developed and that the petitioner could be released to the custody of his mother, stepfather, three brothers and two sisters.

At the time this petition was filed the Circuit Court of Marion County had not responded to the superintendent's request. On 8 October 1980 counsel for petitioner contacted the assistant prosecuting attorney of Marion County and inquired about the status of the petitioner's case. Counsel was informed by the Marion County prosecutor that petitioner would not be released until he served the minimum of one year in the West Virginia Industrial School for Boys. This conclusion was based upon the court's sentence which committed the petitioner to a minimum of one year and a maximum of five years at the industrial school. On 20 October 1980 counsel for petitioner telephoned Judge Fox and inquired about the accuracy of the prosecutor's position. Counsel was informed that if the State would not recommend petitioner's release before the minimum of one year was served that the judge would abide by the prosecutor's recommendation.

The question presented to us is whether under *W. Va. Code*, 49-5-13(b)(5) [1980] a court may insist upon a

minimum term of incarceration for a child committed to an industrial school and decline to accept the child after the superintendent of the facility has certified that further incarceration is not in the child's best interest. *W. Va. Code*, 49-5-13(b)(5) provides:

> Upon a finding that no less restrictive alternative would accomplish the requisite rehabilitation of the child, and upon an adjudication of delinquency pursuant to subdivision (1), section four [§ 49-1-4], article one of this chapter, commit the child to an industrial home or correctional institution for children. Commitments shall not exceed the maximum term for which an adult could have been sentenced for the same offense, with discretion as to discharge to rest with the director of the institution, who may release the child and return him to the court for further disposition;

The State does not contest that this quoted *Code* section provides that the superintendent of the institution shall have discretion with regard to the length of time served by any inmate; however, the State points out that part of the plea bargain in this case included a provision that the petitioner would serve one year at the industrial school in return for being treated as a juvenile delinquent rather than an adult offender. . The State maintains that by virtue of the plea bargain the petitioner waived his right to the benefit of *W. Va. Code*, 49-5-13(b)(5) since, in return for not being prosecuted as an adult, he agreed to spend one year at the industrial school.

The Court finds this a close case; obviously plea bargains of this type are in the best interest of the child since the alternative of being treated as an adult is even less attractive than spending a long period at the industrial school. Nonetheless, the Court concludes that *Code*, 49-5-13(b)(5) is quite specific that discretion regarding release shall be vested in the superintendent of the institution. Since juvenile institutions are structured in such a way that release is the primary reward for the inmates' behavior modification, it is quite likely that a rule which would permit courts to sentence children for a

definite term would confound the rehabilitation and behavior modification program of the institution.

While this Court has recently recognized in *State ex rel. D.D.H. v. Dostert*, 165 W.Va. 448, 269 S.E.2d 401 at 414:

> [W]here the court concludes that simple punishment will be a more effective rehabilitative device than anything else, the conclusion is certainly legitimate and within the discretion of the trial court; nonetheless, the trial court must elaborate on the record his reasons for this conclusion.

We do not find that a court is entitled to demand a set term of punishment when committing a child under the juvenile article of the *Code* to an industrial school. Certainly, a judge is entitled to make recommendations to the superintendent of the institution and those recommendations should be given due consideration. Nonetheless, when the superintendent concludes that the child has reached his maximum degree of improvement under the school's therapeutic program it is obviously in the best interests of the child and society that the child be returned to the circuit court for placement in the community under appropriate terms and conditions.

Accordingly, for the reasons assigned above, the writ of habeas corpus prayed for is awarded and the superintendent is ordered to return the child to the jurisdiction of the Circuit Court of Marion County for further proceedings consistent with this opinion.

*Writ awarded.*