317 S.E.2d 504

**STATE of West Virginia ex rel. G.W.R.**

**v.**

**Honorable George M. SCOTT, etc., et al.**

**No. 16108.**

Supreme Court of Appeals of West Virginia.

June 13, 1984.

---

Gerald M. Titus, Jr., Spencer, for appellant.

John Shank, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

In this original proceeding in prohibition and mandamus the relator, G.W.R., contends that the Circuit Court of Roane County acted without jurisdiction when it ordered him committed to the Davis Center for a minimum of six months. The relator prays for a peremptory writ of prohibition and mandamus prohibiting the respondent judge from ordering the execution of said commitment, and compelling him to rescind his order of commitment and to order the release of the relator from further confinement. The relator also seeks to compel the respondent prosecuting attorney to cease in the prosecution of this matter. For the reasons set forth below, we have decided to grant the writ.

On February 11, 1982 a petition was filed in the Circuit Court of Roane County seeking to have G.W.R., then aged 17, adjudged delinquent pursuant to the jurisdiction granted the circuit court under *W. Va. Code*, Chapter 49, Article 5. On April 27, 1982 the circuit court found the relator guilty of aiding and abetting another in the commis-

sion of breaking and entering, an act which would have been a crime if committed by an adult, and adjudged the relator a delinquent child within the meaning of *W.Va. Code*, 49-1. At the conclusion of the dispositional hearing on May 27, 1982 the circuit court committed the relator to the Davis Center for not less than six months nor more than two years.

The relator remained at Davis Center until December 21, 1982, at which time the circuit court, upon recommendation of the juvenile probation officer, placed the relator on probation. The relator's probation was revoked on June 3, 1983 on the grounds that he had failed to comply with conditions of his probation requiring him either to enroll in school or to obtain a full-time job. On June 24, 1983 the relator was again ordered committed to the Davis Center for a period of not less than six months nor longer than his twentieth birthday.

By letter of October 6, 1983 the superintendent of the Davis Center informed the respondent judge that the relator had successfully obtained the maximum benefit from the center's rehabilitation program and was ready to be released from custody. The director evaluated the relator's performance in the program and concluded that further treatment of the relator as a juvenile offender, even by placing him on probation after release, might well be counterproductive and only undermine the progress the relator had made. On October 13, 1983, the relator was returned to the circuit court for further disposition.

Following a dispositional hearing on October 31, 1983 the respondent judge entered an order finding that the court had jurisdiction of the relator until his twentieth birthday, and that the relator's commitment to the Davis Center was pursuant to *W.Va.Code*, 25-4-6 [1975] and not *W.Va. Code*, 49-5-13 [1982]. The respondent further found that the provisions of *W.Va. Code*, 25-4-6 [1975] did not authorize the release of the relator from custody until after the expiration of the minimum commitment of six months, and that the recommended release of the relator before this minimum commitment, "is without lawful authority and invades the power of the judiciary." The respondent judge ordered the relator recommitted to the Davis Center "to complete the indeterminate commitment hereinbefore ordered, to-wit: No less than six months, nor more than two years, all pursuant to WV Code § 25-4-6."

Upon motion of the relator, the circuit court granted a stay of execution and remanded the relator to the custody of his parents. On December 8, 1983 the relator presented to this Court his petition for a writ of prohibition and mandamus, along with his motion to extend the stay of execution granted by the circuit court. We granted a stay of execution until final determination of this matter, and issued a rule to show cause on December 15, 1983 returnable before this Court on January 11, 1984.

The relator contends that the circuit court had no jurisdiction under the juvenile statutes to order him recommitted to the Davis Center for a minimum period, that the recommitment order is therefore void, and that he is thus entitled to a writ of prohibition to preclude its enforcement. We agree.

■ The circuit court's jurisdiction over the relator was derived from Chapter 49, Article 5 of the *West Virginia Code*, applicable to juvenile proceedings. The court's authority to sentence the relator is controlled by *W.Va.Code*, 49-5-13(b)(5) [1982].[1] In *State ex rel. Washington v. Taylor*, 166 W.Va. 255, 273 S.E.2d 84 (1980), we had occasion to interpret this statute under strikingly similar facts, and concluded that a circuit court may not insist upon a minimum term of incarceration

---

1. *W.Va.Code*, 49-5-13(b)(5) [1982] provides:
    "Upon a finding that no less restrictive alternative would accomplish the requisite rehabilitation of the child, and upon an adjudication of delinquency pursuant to subdivision (1) [§ 49-1-4(1)], section four, article one of this chapter, commit the child to an industrial home or correctional institution for children. Commitments shall not exceed the maximum term for which an adult could have been sentenced for the same offense, with discretion as to discharge to rest with the director of the institution, who may release the child and return him to the court for further disposition."

for a child committed to an industrial school and decline to accept the child after the superintendent has certified that further incarceration is not in the child's best interests. The single syllabus of that case holds:

> "Where *W. Va. Code*, 49–5–13(b)(5) [1980] provides that the commitment of a child to an industrial school shall be for a period 'not to exceed the maximum term for which an adult could have been sentenced for the same offense, with discretion as to discharge to rest with the director of the institution, who may release the child and return him to the court for further disposition,' the intention of the Legislature was to vest discretion with regard to the child's discharge in the director of the institution, and a circuit court does not have authority to decline to receive a child after the director of the institution has concluded that the child should be released."

*See also State ex rel. R.S. v. Trent,* 169 W.Va. 493, 289 S.E.2d 166 (1982).

In *Washington,* the circuit court had sentenced a juvenile to the industrial school for boys for a period of not less than one nor more than five years. After the juvenile had served approximately five months of this sentence, the superintendent of the school informed the court that the juvenile had completed his rehabilitation program, that further incarceration would not benefit his continued progress, and recommended his release to the custody of his family. However, the circuit court refused to consider the juvenile's release until he had served the minimum one year of his sentence. We held that the court was not entitled to demand a set term of punishment when committing a child under the juvenile statute, and granted the juvenile's petition for a writ of habeas corpus.[2]

Although a judge's recommendations to the superintendent of an institution should be given due consideration, the *Washington* court noted:

> "Nonetheless, when the superintendent concludes that the child has reached his maximum degree of improvement under the school's therapeutic program it is obviously in the best interests of the child and society that the child be returned to the circuit court for placement in the community under appropriate terms and conditions." 166 W.Va. at 258, 273 S.E.2d at 87.

■ We find the holding of *Washington* to be controlling in the case before us, notwithstanding the finding of the circuit court that it had sentenced the relator under the Youthful Offender Act, *W.Va. Code,* 25–4–6 [1975].[3] We agree with the relator's contention that this statute is pertinent not to juvenile matters, but only to charges of crime made against an adult aged eighteen to twenty-one, or to juveniles aged sixteen to eighteen who have had their juvenile cases transferred, by agreement or otherwise, to adult jurisdiction. The lower court's sentencing of the relator was based entirely on the juvenile statute, as evidenced by the petition and orders entered in this case before his release from the center in October, 1983. No mention of the youthful offender statute was made until the court's recommitment order and this could not legitimize an otherwise void sentence.

Further evidence that the court did not initially intend to impose a minimum six-

---

**2.** This relief was granted in spite of the fact that Washington had entered into a plea bargain which provided that he would serve one year at the industrial school in return for being treated as a juvenile rather than an adult offender. We found it a close case, but concluded that because release is the primary reward for juvenile inmates' behavior modification, "it is quite likely that a rule which would permit courts to sentence children for a definite term would confound the rehabilitation and behavior modification program of the institution." *Washington,* 166 W.Va. at 257–258, 273 S.E.2d at 86.

**3.** *W.Va. Code,* 25–4–6 [1975] provides in pertinent part:

> "The judge of any court with original criminal jurisdiction may suspend the imposition of sentence of any male youth convicted of or pleading guilty to a criminal offense, other than an offense punishable by life imprisonment, who has attained his sixteenth birthday but has not reached his twenty-first birthday at the time of the commission of the crime, and commit him to the custody of the West Virginia commissioner of public institutions to be assigned to a center. The period of confinement in the center shall be for a period of six months, or longer if it is deemed advisable by the center superintendent, but in any event such period of confinement shall not exceed two years."

month term under *W.Va.Code,* 25–4–6 [1975] is found in the transcript of the June 24, 1983 dispositional hearing, during which the court informed the relator:

"Of course, after you have been there, you may progress there, and if you go up there and do well, you could be back here in three or four months. They don't keep you as long as I think they should keep these boys, and a lot of them are being turned out in less than six months. If you go up there and mess up, you will be kept up there quite a while. You can be kept up there until your 20th birthday. Do you realize that?"

This statement clearly led the relator to believe that a six-month term was not mandatory, and that if he behaved himself he could obtain an early release. The superintendent's report showed that the relator indeed exerted every effort towards achieving that goal.

■ We conclude that the circuit court abused its discretion and exceeded its legitimate jurisdiction and authority in ordering the relator committed to the Davis Center for a minimum period of six months, and by ignoring the superintendent's recommendations that the relator be released.

Accordingly, the writ of prohibition and mandamus prayed for is awarded, and the respondents are directed to rescind the recommitment order and to release the relator from further confinement thereunder.

Writ Awarded.